944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter R. GUTIERREZ, Defendant-Appellant.
 No. 89-50061.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1991.*
Decided Sept. 24, 1991.
 
 1
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Walter Gutierrez appeals his conviction on numerous counts of mail fraud, wire fraud and subscribing false federal income tax returns. All of the counts related to a scheme concocted by Gutierrez and his brother involving processes they claimed to have developed to make synthetic wood and cement. Through presenting false information, they solicited and received various investments in the scheme. They also convinced banks to lend them money by presenting false financial information. Finally, they presented false information on both their personal income tax returns and on the tax returns of the companies they created as vehicles for their scheme. Following a 53-day jury trial, the appellant was convicted on 33 counts and was sentenced to 20 years in prison.
 
 I.
 
 4
 Gutierrez first argues that the district court erred in admitting certain testimony by expert witness Thomas Foster.[1] Foster, an auditor with the IRS, testified for the government in connection with the charges for subscribing false personal and corporate income tax returns. Gutierrez argues that Foster's statement on cross-examination that "it does not appear that ... there was any intent to ever enter into any actual license or perform under those agreements," ER at 333, violated Federal Rule of Evidence 704(b).[2]
 
 
 5
 Rule 704 authorizes an expert witness to offer an opinion on the ultimate issue of fact, Fed.R.Evid. 704(a), provided it is not an opinion on the defendant's mental state where mental state is an element of the crime charged. Fed.R.Evid. 704(b); see United States v. Kinsey, 843 F.2d 383, 388 (9th Cir.), cert. denied, 487 U.S. 1223 (1988). Because Gutierrez did not make either a specific or a contemporaneous objection to the challenged testimony, we review for plain error. United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.), cert. denied, 111 S.Ct. 363 (1990). "A plain error is a highly prejudicial error affecting substantial rights." Id. at 501 (citations omitted). The harmless error rule applies, and because the alleged error does not relate to a constitutional right, "[w]e must reverse the defendant's conviction unless it is more probable than not that the prejudice resulting from the error did not materially affect the verdict." United States v. Echavarria-Olarte, 904 F.2d 1391, 1398 (9th Cir.1990).
 
 
 6
 By its very terms, the challenged statement related to the defendant's state of mind; Agent Foster testified that Gutierrez should have reported certain loans as income because, in Agent Foster's opinion, Gutierrez did not intend to use the money as he represented he would. The government's argument that this statement "was simply an opinion as to whether appellant intended to fulfill an agreement," effectively concedes that the statement violates Rule 704(b). Nonetheless, we agree with the government that the admission of this testimony was harmless. Foster was merely offering his opinion of what the other evidence introduced at trial showed, and in view of the overwhelming nature of that evidence, it is highly unlikely that the challenged statement affected the jury's verdict. Because the error was harmless, we find no plain error in the admission of this statement.
 
 II.
 
 7
 Gutierrez next argues that his Fifth Amendment right against self-incrimination was violated when the prosecutor made the following statement during opening argument:
 
 
 8
 Seated also in the courtroom today, and you will have an opportunity to hear from them later, are the defendants in this case, Defendant Walter Gutierrez, Defendant Alex Gutierrez.
 
 
 9
 ER at 72 (emphasis added). Gutierrez contends that the prosecutor's statement led the jury to expect that he would testify, and that the jury may have drawn an inference of guilt from his failure to do so. The district court denied counsel's motion for a mistrial based upon the prosecutor's statement. At the end of the trial, the judge instructed the jury that it could not draw any inference from the fact that the defendant chose not to testify.
 
 
 10
 We review the prosecutor's statement to determine whether "it [was] manifestly intended to call attention to the defendant's failure to testify, or [was] of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." Lincoln v. Sunn, 807 F.2d 805, 809 (9th Cir.1987); see also United States v. Gray, 876 F.2d 1411, 1416 (9th Cir.1989) (same, quoting Lincoln), cert. denied, 110 S.Ct. 2168 (1990). We will reverse a conviction "where such comment is extensive, where an inference of guilt from silence is stressed to the jury as a basis for conviction and where there is evidence that could have supported acquittal." Lincoln, 807 F.2d at 809. Conversely, we will not reverse when the statement "is a single, isolated incident, does not stress an inference of guilt from silence as a basis of conviction, and is followed by curative instructions." Id.
 
 
 11
 Merely to recite these standards is to recognize that the challenged statement in this case falls far short of a violation of Gutierrez' Fifth Amendment right. The most plausible interpretation of the comment is that the prosecutor was telling the jury that the defendants would have the opportunity to give an opening argument as well. But even if the prosecutor was referring to the defendants' opportunity to testify in their own defense, it was a single, isolated comment, the prosecutor did not stress that an inference of guilt could be drawn from a decision not to testify, and the judge gave a curative instruction. There was no Fifth Amendment violation.
 
 III.
 
 12
 The appellant's conviction is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government correctly notes that this Court rejected Gutierrez' brother's argument that Foster's testimony violated Rule 704(b). United States v. Gutierrez, No. 89-50057, Memorandum at 6-8 (9th Cir. March 18, 1991). It is also true that Circuit Rule 36-3 permits parties to rely on memorandum dispositions to argue that certain issues are foreclosed by the law of the case doctrine. However, having reviewed the disposition in the earlier case, we are unable to determine whether Gutierrez' brother's Rule 704(b) argument was based on the same statement to which Gutierrez points. We therefore decline to apply the law of the case doctrine, and so we address the merits of Gutierrez' claim
 
 
 [2]
 Gutierrez also points to Foster's statement that, "In my opinion, there's been a long line of items which would indicate there has been fraud." ER at 335. However, as the appellant also notes, the district court granted his motion to strike that statement and instructed the jury to disregard it. Accordingly, any error as to that statement was cured, United States v. Laurins, 857 F.2d 529, 542 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989), and so we address only the one statement quoted above